IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02777-RBJ-MJW

GEORGE N. OFIESH,

Plaintiff,

v.

WESTERN STOCK SHOW ASSOCIATION,

Defendant.

---

**ORDER REGARDING PLAINTIFF'S MOTION TO AMEND COMPLAINT
(DOCKET NO. 46)**

**AND**

**ORDER SETTING FINAL PRETRIAL CONFERENCE**

---

**Entered by Magistrate Judge Michael J. Watanabe**

This matter is before the court on Plaintiff's Motion to Amend Complaint (docket no. 46). The court has reviewed the subject motion and the response (docket no. 49) thereto. In addition, the court has taken judicial notice of the court's file and has considered applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law, and order.

This court finds that I have jurisdiction over the subject matter and over the parties. Venue is proper in the state and District of Colorado. Each party has now been given a fair and adequate opportunity to be heard on the subject motion (docket no. 46).

The motion is made after the deadline for amendment of pleadings, and thus

this court has applied the following analysis in deciding whether to allow the amendments:

> Where, as here, a motion to amend the pleadings . . . is filed after the scheduling order deadline, a "two-step analysis" is required. Once a scheduling order's deadline for amendment has passed, a movant must first demonstrate to the court that it has "good cause" for seeking modification of the scheduling deadline under Rule 16(b). If the movant satisfies Rule 16(b)'s "good cause" standard, it must then pass the requirements for amendment under Rule 15(a) . . . .
>
> Rule 16(b)'s "good cause" standard is much different than the more lenient standard contained in Rule 15(a). Rule 16(b) does not focus on the bad faith of the movant, or the prejudice to the opposing party. Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment. Properly construed, "good cause" means that the scheduling deadlines cannot be met despite a party's diligent efforts. In other words, this court may "modify the schedule on a showing of good cause if [the deadline] cannot be met despite the diligence of the party seeking the extension." Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief.

Pumpco, Inc. v. Schenker Int'l, Inc., 204 F.R.D. 667, 668 (D. Colo. 2001) (quotations and citations omitted). This court finds that the plaintiff has not satisfied this first step in the analysis and has failed to establish good cause to extend the deadline within which he may seek leave to amend the complaint. Plaintiff's original Complaint (docket no. 1) was filed on November 1, 2010, and alleged claims for sexual harassment and retaliation. On December 27, 2010, Plaintiff field his First Amended Complaint (docket no. 8) which added a claim for unpaid commissions under the Colorado Wage Claim Act. The deadline to amend the pleadings expired on May 13, 2011. See docket no. 14 - Scheduling Order. On July 26, 2011, this court granted Plaintiff's original attorney's [Elwyn F. Schaefer's] motion to withdraw. See docket no. 31. Plaintiff's current attorney, Thomas Kimmel, entered his

Case 1:10-cv-02777-RBJ-MJW   Document 51   Filed 12/13/11   USDC Colorado   Page 3 of 4

3

appearance on August 31, 2011. See docket no. 34. On August 31, 2011, Mr. Kimmel filed a motion to extend the discovery deadline. This court granted this motion (docket no. 34) on September 6, 2011, and extended the deadline to complete discovery to October 31, 2011, and also extended the deadline to file dispositive motions to November 30, 2011. Nowhere in the this motion (docket no. 34) did Plaintiff seek an extension of time to amend the pleadings. Plaintiff's proposed amendment in the subject motion (docket no. 46) asserts a claim for breach of contract. Plaintiff has been or should have been aware of his breach of contract claim when he filed his original Complaint. This court finds that Plaintiff has unduly delayed in seeking such amendment, noting that the discovery and dispositive motion deadlines have both expired. "A motion to amend should be denied if a plaintiff has unduly delayed in seeking the amendment." Garcia v. Dillon Cos., Inc., 2008 WL 4509821, at *4 (D. Colo. Oct. 1, 2008). See also Aircraft Fueling Sys., Inc. v. Southwest Airlines Co., 2011 WL 3421518, at *1 (N.D. Okla. August 4, 2011).

Based upon the standard set forth above, and for those reasons stated above and for those additional reasons stated in the response (docket no. 49), this court finds that the proposed amendment should not be permitted at this late date.

**ORDER**

**WHEREFORE**, based upon these findings of fact and conclusions of law, this court **ORDERS**:

1. That Plaintiff's Motion to Amend Complaint (docket no. 46) is **DENIED**.

4

Each party shall pay their own attorney fees and costs for the subject motion (docket no. 46), and

2. That a Final Pretrial Conference is set for before Magistrate Judge Watanabe on January 23, 2012, at 2:30 p.m. The parties shall file their proposed Final Pretrial Order with the court business five days before the Final Pretrial Conference.

Done this 13th day of December 2011.

        BY THE COURT

        s/Michael J. Watanabe
        MICHAEL J. WATANABE
        U.S. MAGISTRATE JUDGE